# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00320-FDW

| | |
|---|---|
| C.F. CLONINGER TRUCKING II, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SOURCEONE GROUP, INC., ) | |
| SOURCEONE, INC., and DALRADA ) | |
| FINANCIAL CORPORATION f/k/a ) | |
| IMAGING TECHNOLOGIES ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Upon review of all of the pleadings, motions, declarations, affidavits, and arguments before the Court, Default Judgment is hereby awarded to Plaintiff C.F. Cloninger Trucking II, Inc. ("Cloninger") against Defendant Dalrada Financial Corporation f/k/a Imaging Technologies Corporation ("Dalrada"). Upon motion and stipulation of Cloninger, Defendants SourceOne Group, Inc. and SourceOne, Inc. are dismissed without prejudice.

**Procedural Background**

Plaintiff filed suit against Defendants on July 9, 2008 (Doc. No. 1). Plaintiff filed an Affidavit of Service Of Process on July 28, 2008 (Doc. No. 6), showing that it served Dalrada on July 15, 2008. Dalrada did not answer, respond, or make an appearance in response to the Complaint.

On November 11, 2008, Cloninger filed a Motion for an Entry of Default and for Default Judgment against Dalrada (Doc. No. 7), a Memorandum in Support of the Motion (Doc. No. 8), and

affidavits and declarations in support of default and damages relating to the action (Doc. Nos. 9, 10, 11). The Clerk of Court Entered Default against Dalrada on November 17, 2008 (Doc. No. 12). This Court held a hearing on December 11, 2008 regarding damages. Plaintiff informed Dalrada and/or its representatives of the motions, entry of default, and the hearing. Dalrada did not make an appearance, respond to the motions, or attend the hearing. Dalrada has made no showing of an excuse for its failure to respond to the Complaint or appear in the pending action filed by Cloninger.

**Factual Background**

Plaintiff asserts the following facts – all set forth in the Complaint – in support of its motion for default and damages:

- Plaintiff contracted with Defendants SourceOne Group, Inc. and/or SourceOne, Inc. ("SourceOne"), owned by Dalrada, to provide comprehensive personnel management services, including benefits and payroll administration, health and workers' compensation insurance programs, personnel records management, and employer liability management ("PEO Services").

- One of the SourceOne employees covered by the PEO Services under the Agreement was Diana Oaks ("Oaks"), who drove trucks for Cloninger. Oaks was injured in a work-related accident on or about August 6, 2002 that was apparently covered under laws applying to workers' compensation in North Carolina.

- SourceOne (and Dalrada) failed to secure appropriate workers' compensation insurance for the employees provided to its client company Cloninger for a period of time while it was providing the PEO Services. Consequently, there was no workers' compensation insurance coverage for the Oaks accident.

- Oaks filed a claim for workers' compensation with the North Carolina Industrial Commission. SourceOne and Dalrada initially managed and took responsibility for the Oaks accident claim pursuant to the Agreement. As part of its obligation, SourceOne and Dalrada assumed the defense of and liabilities of Cloninger.

- Dalrada continued retention and payment of counsel, the payment of benefits, and the defense and management of the Oaks accident claim for workers' compensation benefits.

- At some point in 2007, Dalrada stopped making workers' compensation payments to Oaks. At the same time, Dalrada stopped paying and communicating with counsel initially retained to defend the workers' compensation matter. Dalrada also failed to communicate with Cloninger and its counsel.

- Because of Dalrada's refusal to make timely payments and misrepresented payments that were allegedly made, and/or comply with the rulings of the North Carolina Industrial Commission, counsel for Oaks initiated a new and/or reinstated her action before the North Carolina Industrial Commission. This action includes – and names – Cloninger as a named party.

- Because Defendants have failed to make an appearance, to communicate their intentions, to pay the benefits owed, to comply with the directives of the North Carolina Industrial Commission, or to engage in the workers' compensation legal processes whatsoever, Cloninger may be the lone responsible defendant defending the Oaks accident claim before the North Carolina Industrial Commission.

- Cloninger has asserted that Oaks may be able to maintain her action against Cloninger and/or Cloninger may be liable to Oaks, notwithstanding its Agreement with SourceOne and its

- assumption by Dalrada.

- Oaks is currently trying to hold Cloninger liable for benefits and proceedings before the North Carolina Industrial Commission. Consequently, Cloninger has been and will continue to be forced to retain counsel to defend itself in the Oaks action before the North Carolina Industrial Commission, may be forced to pay benefits to Oaks, may be forced to engage in settlement discussions, may be subject to the directives and orders of the North Carolina Industrial Commission, and will otherwise be injected into a proceeding with which it may have liability and of which it has little or no previous involvement.

- Because Dalrada has refused to fulfill its obligations under the Agreement and failed to communicate and/or respond to the inquiries made by Cloninger, including but not limited to counsel previously retained by Dalrada in North Carolina for the action before the North Carolina Industrial Commission, Cloninger has been forced to bring this action, incurring substantial fees and expenses.

## Analysis and Judgment

### A. Entry of Default

Rule 55(b)(2), F.R.C.P. provides that "the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person." The rule also provides that if "it is necessary … to determine the amount of damages …, "the court may conduct such hearings . . . as it deems necessary." Fed. R. Civ. P. 55(b)(2).

The Plaintiff is entitled to a judgment by default because Dalrada was properly served and is not an infant or an incompetent person. Dalrada was served with the summons and complaint in both Delaware (where it is incorporated) and in California (where it has its principal place of

operations). See Affidavit of Default (Docket Entry #9). Dalrada has not responded or made an appearance in this action. Thus, the grounds for default are clearly established.

**B. Damages**

Cloninger has established the following damages:

*Damages for Workers Compensation Liability*

Cloninger is potentially liable to Ms. Oaks for more than $390,110.44 under the statutes and regulations promulgated for and under the North Carolina Industrial Commission. See Declaration of E. Kenneth Coble (Doc. No. 11).

*Attorneys' fees and costs – North Carolina Industrial Commission*

Cloninger has incurred fees and costs in the matter before the North Carolina Industrial Commission in the amount of $6,573.73 and anticipates that $8,000 may be required to defend its interests before the North Carolina Industrial Commission. See Declaration of E. Kenneth Coble (Doc. No. 11). Cloninger has also incurred $1000 in mediation costs and $317.20 in copying costs relating to the defense of its interests before the North Carolina Industrial Commission and transfer of the litigation file from Dalrada's lawyer to Mr. Coble. See Declaration of Clifford Cloninger (Doc. No. 10).

*Attorneys' fees and costs – this action*

Cloninger has incurred $8500 in fees to bring this action and this motion for default. Cloninger has also incurred $470 in costs to bring this action. See Affidavit of Default filed by Mark W. Bakker (Doc. No. 9).

*Other costs*

Cloninger has also incurred an estimated $1320 in time and effort covering internal staff

time, fees and costs to deal with this matter since Dalrada stopped making payments to Ms. Oaks in 2007. See Declaration of Clifford Cloninger (Doc. No. 10).

*Total Damages*

Based on actual damages, fees and costs, Cloninger is entitled to an award of $416,291.37.

*Punitive or Exemplary Damages*

Based on the allegations in the Complaint, Cloninger seeks treble damages under the North Carolina Unfair Trade Practices Act and for punitive or exemplary damages for its other tortious conduct. The Court agrees that Cloninger is entitled to these damages, and the Court thereby trebles the damages award to $1,248,874.11. Cloninger is therefore entitled to a default judgment in the amount of $1,248.874.11.

**C. Injunctive and Declaratory Relief**

Cloninger also seeks declaratory and injunctive relief. Based on the evidence before the Court, the Court hereby declares and orders that:

    a.    Dalrada indemnify Cloninger for all expenses, fees, liabilities, and settlements relating to the claims brought by Oaks before the North Carolina Industrial Commission related to the accident;

    b.    Dalrada provide an immediate defense of Cloninger for the claims brought by Oaks before the North Carolina Industrial Commission related to the accident;

    c.    Dalrada comply with all orders and directives of the North Carolina Industrial Commission relating to the Oaks accident;

    d.    Dalrada be permanently enjoined and restrained from denying responsibility for and/or representation regarding any matters involving or relating to the Oaks accident

claim brought against Plaintiff and/or failing to comply with all orders and directives of the North Carolina Industrial Commission.

IT IS SO ORDERED.	Signed: January 5, 2009

Frank D. Whitney
United States District Judge